TRINETTE G. KENT (State Bar No. 025180)
10645 North Tatum Blvd., Suite 200-192
Phoenix, AZ 85028
Telephone:  (480) 247-9644
Facsimile:  (480) 717-4781
E-mail: tkent@lemberglaw.com

*Of Counsel to*
Lemberg Law, LLC
A Connecticut Law Firm
1100 Summer Street
Stamford, CT  06905
Telephone:  (203) 653-2250
Facsimile:  (203) 653-3424

Attorneys for Plaintiff,
Jessica Smith

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jessica Smith, | Case No.: |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| Bursey & Associates, P.C.; and DOES 1-10, inclusive, | **JURY TRIAL DEMANDED** |
| Defendants. | |

For this Complaint, the Plaintiff, Jessica Smith, by undersigned counsel, states as follows:

## JURISDICTION

1.      This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA") in their illegal efforts to collect a consumer debt.

2.      Original and supplemental jurisdiction exists pursuant to 28 U.S.C. §§ 1331, 1367.

3.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

4.      The Plaintiff, Jessica Smith (hereafter "Plaintiff"), is an adult individual residing in Chino Valley, Arizona 86323, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5.      The Defendant, Bursey & Associates, P.C. (hereafter "Bursey"), is a company with an address of 6740 North Oracle Road, Suite 151, Tucson, Arizona 85704, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6.      Does 1-10 (the "Collectors") are individual collectors employed by Bursey and whose identities are currently unknown to the Plaintiff.  One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7.      Bursey at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

8.      Plaintiff allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

9.      The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10.      The Debt was purchased, assigned or transferred to Bursey for collection, or Bursey was employed by the Creditor to collect the Debt.

11.      Bursey attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. Bursey Engages in Harassment and Abusive Tactics

12.      Within the last year, Bursey contacted Plaintiff in an attempt to collect the Debt.

13.      On May 21, 2014, Plaintiff sent Bursey a cease and desist letter and expressly requested that any further collection efforts be made only in writing.

3

14.     Despite Plaintiff's unequivocal written request, Bursey began calling Plaintiff in July of 2014 in an attempt to collect the Debt.

15.     Bursey placed multiple calls to Plaintiff in an attempt to collect the Debt after receiving Plaintiff's May 21, 2014 letter.

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692, et seq.

16.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

17.     Defendants contacted the Plaintiff after having received written notification from the Plaintiff to cease communication, in violation of 15 U.S.C. § 1692c(c).

18.     Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt, in violation of 15 U.S.C. § 1692d.

19.     Defendants caused a phone to ring repeatedly in violation of 15 U.S.C. § 1692d(5).

20.     Defendants used unfair and unconscionable means to collect a debt, in violation of 15 U.S.C. § 1692f.

21.     The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

4

22.     Plaintiff is entitled to damages as a result of Defendants' violations.

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff prays that judgment be entered against the Defendants as follows:

A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;

B. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendants;

C. Costs of litigation and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants;

D. Punitive damages; and

E. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

DATED:  October 9, 2014                    LEMBERG LAW, LLC


                                           By:   */s/  Trinette G. Kent*
                                           Trinette G. Kent

                                           Attorney for Plaintiff,
                                           Jessica Smith

5